IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ___ D.C.
05 JUL -8 AM 11: 02
THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| THOMAS J. NEWSOME, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 05-2013-D/V |
| RONNIE COLE, | X X X | |
| Defendant. | X X X | |

ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Thomas J. Newsome, prisoner registration number 109748, an inmate at the West Tennessee State Prison (WTSP), in Henning, filed this complaint under 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. The Clerk of Court shall record the defendant as Ronnie Cole.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The *in forma pauperis* statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-13-05

In this case, plaintiff has properly completed and submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the

2

amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

## II. Analysis of Plaintiff's Claims

Plaintiff sues Tennessee Board of Probation and Parole Boardmember Ronnie Cole alleging he has been wrongly denied parole. Newsome was first convicted of rape in 1984. After his conviction was reversed on appeal, he was tried and convicted of aggravated rape and aggravated kidnapping in 1988, and he received an effective sentence of fifty-five years imprisonment. In the summer of 1997, while incarcerated at the Turney Center Industrial Prison, Newsom was charged with and convicted of assaulting a prison staff member. As a result of the disciplinary conviction, Newsome was placed in punitive segregation for ten days, recommended for involuntary segregation, and fined five dollars. In addition, his release eligibility date was extended by thirty percent in accordance with Tennessee Department of Correction Policy Index No. 502.02(VI)(E). See Newsome v. White, 2003 WL 22994288 (Tenn. Ct. App. Dec. 22, 2003).

Newsom alleges that Cole recommended the denial of his parole for nine years, a decision which allegedly violates Baldwin v. Tennessee Board of Parole, 125 S.W.3d 429, 433 (Tenn. Ct. App. 2003). He further alleges that the remaining board members failed to "correct the problem by immediately setting aside the hearing and ordering a new hearing." Instead, the other board member denied him

4

parole for five years, and provided no written explanation for the departure from the guidelines. Newsom concludes that he was denied due process by the knowing violation of his rights during the parole hearing. Newsome further alleges that the use of "boiler-plate language" and the denial of his parole deprived him of his liberty interest in parole. Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

There is no fundamental right under the Constitution to parole or early release. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 11 (1979). Contrary to plaintiff's assertions, Tennessee law and regulations do not create a right to parole. Wright v. Trammell, 810 F.2d 589, 591 (6th Cir. 1987). Here, plaintiff received individual evaluation and assessment by the Board. Furthermore, the Sixth Circuit held in an unpublished opinion that the policies of the Board of Pardons and Paroles are not laws, but are more in the nature of guidelines for the Board to use in exercising its discretion. Berry v. Traughber, 2002 WL 1879961 (6th Cir. 2002)(citing Shabazz v. Gabry, 123 F.3d 909-915-16 (6th Cir. 1997)).[1]

The Court need not reach the merits of plaintiff's claims, however, as he fails to allege that he exhausted his administrative or available state remedies. Newsome attached a copy of his parole

---

[1] Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

5

decision, dated November 22, 2004, to his complaint. He filed this complaint on January 6, 2005, alleging that he appealed the Board's decision pursuant to Tenn. Code Ann. § 40-28-105(d)(11). He further alleged that the appeal was pending on the day he signed the complaint. Additionally, upon the exhaustion of his administrative appeals, plaintiff has the right to file a petition for common law writ of certiorari in the Davidson County Chancery Court, pursuant to Tenn. Code Ann. § 27-9-101. <u>Blackmon v. Tennessee Bd. of Paroles</u>, 29 S.W.3d 875, 878 (Tenn. Ct. App. 2000).

Under the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a) was amended to make exhaustion of administrative remedies mandatory. Forty-two U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir. 1998).

The Sixth Circuit has determined that this requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. <u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000). In order to comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

6

Id. at 642; see also Curry v. Scott, 249 F.3d at 503-04 (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

The Sixth Circuit has consistently looked to the definition of prison conditions as used in 18 U.S.C. § 3626(g)(2), which was amended as part of the same legislation as § 1997(e) to determine which claims are governed by § 1997e(a). See Freeman, 196 F.3d at 643. Section 3626(g)(2) provides:

> The term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

The Sixth Circuit has not explicitly determined in a reported case that § 1983 claims that challenge parole procedures are actions "with respect to prison conditions" under § 1997e(a). In Rowan v. Traughber, 2002 WL 31085167, *1 (6th Cir. 2002),[2] the Sixth Circuit affirmed a district court's dismissal of an inmate's claim that the Board had violated his right to due process for failure to state a

---

[2]   See supra note 1.

7

claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). However, Sixth Circuit also noted that because plaintiff's administrative appeal of the Board's decision was still pending when he filed his civil rights complaint, dismissal was also appropriate because he had not exhausted all of the administrative remedies that were available to him. Rowan, 2002 WL 31085167 at *2.

The Sixth Circuit has held that claims arising from use of excessive force, denial of access to the courts, retaliation and implementation of the DNA Analysis Backlog Elimination Act of 2000, as well as claims for injunctive relief, are subject to exhaustion. Brown, 139 F. 3d at 1104-05; Freeman, 196 F.3d at 644; White v. McGinnis, 131 F.3d 593 (6th Cir. 1997); Kemp v. Jones, No. 01-2744, 2002 WL 1808416 (6th Cir. Aug. 6, 2002);[3] Jinks v. United States, No. 02-5061, 2002 WL 1379008 (6th Cir. June 25, 2002); Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987).

Clearly under § 3626(g)(2), the present action is a civil action arising under § 1983 with respect to the "effects of actions by government officials" on the life of a person confined in prison. Thus, the Court determines that plaintiff's claims are fully within the scope of § 1997e and his complaint could not be brought "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, the complaint is DISMISSED without prejudice under 42 U.S.C. § 1997e(a).

---

[3] See supra note 1.

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). Under <u>Brown v. Toombs</u>, an appellate court must dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements.

Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, the plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of

the installment procedures contained in § 1915(b). <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997). <u>McGore</u> sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

IT IS SO ORDERED this  7th  day of July, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02013 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

---

Thomas J. Newsome
WEST TENNESSEE STATE PENITENTIARY
109748
P.O. Box 1150
Henning, TN 38041

Honorable Bernice Donald
US DISTRICT COURT